UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
FAITH LISA KIT,

                Plaintiff,          **MEMORANDUM AND ORDER**
                                                 Case No.: 2:21-CV-00546-FB

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------x

Appearances:

| For the Plaintiff: | For the Defendant: |
|---|---|
| ANTHONY MICHAEL CAMISA | BREON PEACE |
| 323 Willis Avenue | United States Attorney |
| Mineola, NY 11501 | 271 Cadman Plaza East, 7th Floor |
| | Brooklyn, New York 11201 |
| | By: TROY J. PRATTEN |
| | Special Assistant U.S. Attorney |
| | Eastern District of New York |

**BLOCK, Senior District Judge:**

      Faith Lisa Kit ("Kit") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for Social Security Disability ("SSD") benefits. For the following reasons, Kit's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

## I.

On October 3, 2018, Kit applied for disability insurance benefits. She alleged disability as of November 13, 2017 due to degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, degenerative joint disease of the left ankle, morbid obesity, bilateral shoulder arthritis, thyroiditis, hyperlipidemia, sinusitis, asthma, anxiety, and depression. On March 31, 2020, an administrative law judge ("ALJ") held a hearing to determine if Kit was disabled. In a decision issued on April 15, 2020, he found that she was not disabled. The Appeals Council denied Kit's request for review on December 21, 2020 and the ALJ's decision became the final decision of the Commissioner. This action followed.

## II.

In reviewing a final decision of the Commissioner, a district court must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). District courts will overturn an ALJ's decision only if the ALJ applied an incorrect legal standard, or if the ALJ's ruling was not supported by substantial evidence. *See id.* (citing *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). Substantial evidence is relevant evidence that a reasonable mind

could accept as adequate to support the ALJ's conclusion. *See Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022).

### III.

Remand is warranted here because the ALJ did not properly analyze the opinions of medical experts as required under 20 C.F.R. §§ 404.1520c(c). In doing so, the ALJ came to a decision not supported by substantial evidence.

The ALJ's review of the record concluded that Kit was not disabled. To reach this determination, the ALJ dismissed the opinions of multiple medical experts that opined otherwise. For example, in two Residual Functional Capacity Questionnaires provided by Kit's primary care provider, Dr. Rhonda Burmeister, M.D. ("Dr. Burmeister"), she reported Kit to be severely limited. In the two reports, Dr. Burmeister opined that Kit could sit for less than two hours in a workday, would have to miss work more than four times a month, would need an assistant device to ambulate, was "incapable of even 'low stress' jobs,'" as "the stress would contribute to muscle spasms" (A.R. 1321), and that Kit's symptoms would constantly interfere with her ability to perform even simple tasks. The ALJ similarly found the opinion of Kit's treating orthopedic surgeon, Dr. Rasel Rana ("Dr. Rana"), less persuasive. Dr. Rana, who performed two spinal infusion surgeries on Kit, opined that Kit was significantly limited due to her ailments. In his medical source statement, Dr. Rana

3

determined that Kit could never twist, crouch, or squat, could rarely stoop and climb ladders, and could occasionally climb stairs.

An ALJ is not permitted to assess whether objective findings reflect a physician's opinion. *See Cira v. Comm'r of Soc. Sec.*, 2017 WL 4339480, *9, 2017 U.S. Dist. LEXIS 160991, *25 (E.D.N.Y. Sept. 29, 2017) (quoting *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991) ("An ALJ cannot simply "secure raw data from the treating physician" to make his or her own disability decision.")). Furthermore, an ALJ is not permitted to substitute his or her own judgment of a claimant's condition for that of a medical professional. *See Balsamo v. Chater*, 142 F.3d 75, 91 (2d Cir. 1998) ("[I]t is well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion…[H]e is not free to set his own expertise against that of a physician...") (citing *McBrayer v. Sec'y of HH.*, 712 F.2d 795, 799 (2d Cir. 1983)).

Nevertheless, the ALJ found Dr. Burmeister's opinion unpersuasive due to alleged inconsistencies in the record: "Upon examinations, she is noted to have only a slow and stiff gait, but there are no objective observations or clinical findings to support the above limitation." A.R. 23. However, this reasoning alone is not a legitimate legal basis for dismissing a physician's recommendations. While a treating physician's medical opinion is no longer presumptively given controlling weight, the ALJ must determine the persuasiveness of each medical source

according to certain criteria.[1] The factors that an ALJ must consider include supportability, consistency, relationship with the claimant and specialization, among others. *See* 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the most important factors. *See* 20 C.F.R. §§ 404.1520c(a). In his or her finding, the ALJ must articulate his or her consideration of these factors, including the persuasiveness of each source. *Id.* Not only does the ALJ fail to provide reasoning that reflects these factors, but he also improperly replaced his own opinion of Kit's condition for that of a medical source, which represents legal error. In doing so, the ALJ committed legal error requiring remand.

The ALJ likewise failed to properly analyze Dr. Rana's opinions. Instead, the ALJ merely determined Dr. Rana's findings to be less persuasive because "[s]ignificant limitations are not supported by the entirety of the medical evidence." Again, by failing to provide an analysis of Dr. Rana's opinion under the factors provided by 20 C.F.R. §§ 404.1520c(c), the ALJ failed to reach a conclusion that is supported by substantial evidence.

Because it is possible that the ALJ would have found Kit disabled had he properly considered Dr. Burmeister and Dr. Rana's opinions, remand is appropriate. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (deeming remand for rehearing

---

[1] As of March 27, 2017, the Social Security Administration eliminated the treating physician's rule, which gave controlling weight to the opinion of a physician who treated a claimant.

appropriate unless "there is no apparent basis to conclude that a more complete record might support the Commissioner's decision"); *see also Kirkland v. Astrue*, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008) (*quoting Butts v. Barnhart*, 388 F. 3d 377, 386 (2d Cir. 2004)) ("[r]emand for additional proceedings is particularly appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, 'further findings would…plainly help to assure the proper disposition of [a] claim.'").

### IV.

For the aforementioned reasons, Kit's motion is granted, the Commissioner's motion is denied, and the case is remanded for proceedings consistent with this Memorandum and Order.

**SO ORDERED.**

                                       _/S/ Frederic Block_____

                                       FREDERIC BLOCK
                                       Senior United States District Judge

Brooklyn, New York
February 2, 2023